UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN J. OVERHOLT, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia Limited Liability Company; and DOES 1 through 75, inclusive,<br><br>            Defendants. | 2:13-cv-02009-GEB-AC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; AND GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE |

Defendant Carmax Auto Superstores, LLC moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's Complaint. Plaintiff alleges in the Complaint violations of section 11713.18(a)(6) of the California Vehicle Code, the Consumers Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), and common law fraud. Defendant also moves under Rule 12(f) for an order striking certain allegations contained in the Complaint. Plaintiff opposes both motions.

1

## I.   FACTUAL ALLEGATIONS AND CLAIMS

The motions concern the following factual allegations in the Complaint. "Plaintiff was shopping for a small SUV: and saw CarMax's television advertisements." (Compl. ¶ 8.) "Car Max describes the vehicles it sells as 'CarMax Quality Certified,' and describes the inspection it performs on vehicles as a 'Certified Quality Inspection,' or 'CQI.'" (Id. ¶ 7.) "Plaintiff went to CarMax in Roseville, CA[,] [where] [t]here were stickers representing CarMax's CQI on the windows of the vehicles she looked at." (Id. ¶ 8.) "Plaintiff relied on the CarMax advertisements she had seen on TV touting the benefits of buying a CarMax 'Certified' vehicle, and the CQI information on the stickers posted on the vehicles on the CarMax lot, in deciding to buy a car from CarMax." (Id. ¶ 9.)

"Plaintiff . . . bought the 2010 Jeep Liberty, . . . that is the subject of this litigation." (Id. ¶ 10.) After "Plaintiff agreed to buy the vehicle," "Plaintiff was . . . provided with [a] . . . []CQI[] Certificate," which was "a generic list of components that were purportedly inspected." (Id. ¶¶ 13, 14.)  The CQI certificate did not "disclos[e] the results of [CarMax's] inspection [of Plaintiff's car]." (Id. ¶ 14.)

"It is CarMax's . . . policy that, during CarMax's 'CQI[]' inspection, a [different document called the] 'CQI[] Checklist' is filled out[,] [which] is the authentic record of the . . . inspection. But it it[sic] CarMax's . . . policy to destroy the . . . Checklist." (Id. ¶ 15.) "On information and belief, the . . . Checklist for Plaintiff's vehicle was destroyed." (Id.)

2

"[Plaintiff's] vehicle was subject to repair six times within the first sixteen months she owned the vehicle." (Id. ¶ 22.) "Plaintiff also learned that the vehicle was a prior rental[;] [however, CarMax had not] "clearly identif[ied] the vehicle's previous rental status on the vehicle and/or in its advertisements." (Id. ¶ 29.)

"Plaintiff . . . requested CarMax repurchase her vehicle . . . [.] CarMax refused, and offered her a . . . trade-in offer instead." (Id. ¶ 22.)

"[Defendant] violated the CLRA" and "'engaged in . . . unlawful' business acts and/or practices [proscribed by the UCL] by":

> (1) Misrepresenting that the vehicle had been subject to a thorough 125-point inspection; (2) Representing that the vehicle was "Certified," despite failing to provide a completed inspection report indicating all the components inspected prior to sale; (3) Failing to provide an inspection report for the vehicle at any time that complies with California law; (4) Failing to disclose the defective nature of the vehicle; (5) Calling the vehicle "Certified" when CarMax does not oversee, supervise and/or enforce any "certification" standards; (6) Using the terms "Certified," "Certify," and/or similar terms in the promotion, sales and advertising of the vehicle, despite failing to provide a completed inspection report indicating all the components inspected prior to sale; (7) On information and belief, destroying the CQI[] Checklist after the CQI[] inspection took place in violation of 18 C.C.R. 22 272.00 and 18 C.C.R. 272.02; (8) Violating Vehicle Code § 11713.18; (9) Selling a vehicle as "Certified" that would not pass a legitimate certification inspection; (10) Selling a vehicle as "Certified" that is in need of substantial repair; (11) Actively concealing and suppressing the results

3

>of the vehicle inspection when it has a duty to disclose those results; and (12) Failing to disclose the prior rental status of the vehicle.

(Id. ¶¶ 40, 50.)

"CarMax [also] fraudulently misrepresented that the vehicle was a 'Certified' vehicle when it was not" and "actively concealed and suppressed the results of its vehicle inspection." (Id. ¶¶ 57, 61.)

## II. DISMISSAL MOTION

### a. Legal Standard

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted).

"Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'")

### b. CLRA and UCL Claims

Defendant argues Plaintiff's CLRA claims should be dismissed since Plaintiff fails to allege which subsections of the CLRA apply to each alleged act of wrongdoing. However, "[a] complaint need not identify the statutory . . . source of the claim raised in order to survive a motion to dismiss." Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008). Therefore, this portion of the dismissal motion is denied.

Defendant also seeks dismissal of Plaintiff's CLRA and UCL claims in which Plaintiff alleges Defendant sold her a car labeled as certified without providing a completed vehicle inspection report prior to sale, thereby violating section 11713.18(a)(6) of the California Vehicle Code. Specifically, Defendant argues these claims are not actionable under the CLRA and UCL since "[P]laintiff cannot show 'actual damage.'" (Def.'s Mot. 12:14.)

Plaintiff alleges in the Complaint:

> 9. Plaintiff relied on . . . the CQI information on the stickers posted on the vehicles on the CarMax lot, in deciding to buy a car from CarMax.
>
> . . . .
>
> 13. CarMax . . . label[led] the vehicle "Certified" without providing a completed

5

1            inspection report prior to sale.

2            . . . .

3            19. . . . Plaintiff paid for a Certified 2010
             Jeep Liberty. What Plaintiff received was an
4            uncertified 2010 Jeep Liberty[.] Thus, a
             component of Plaintiff's damages is the
5            difference in value between a Certified 2010
             Jeep Liberty and an uncertified 2010 Jeep
6            Liberty. Plaintiff would have paid less
             and/or not purchased the vehicle if CarMax
7            had not represented that the vehicle was
             "Certified."

These allegations are sufficient to allege standing since Plaintiff alleges that Defendant's misrepresentation of the certified status of the vehicle "induced [her] to buy a product [s]he would not have purchased or to spend more than [s]he otherwise would have." Hinojos v. Kohl's Corp., 718 F.3d 1098, 1102 (9th Cir. 2013). Therefore, this portion of Defendant's motion is denied.

Defendant further seeks dismissal of the CLRA and UCL claims in which Plaintiff alleges Defendant violated California Vehicle Code section 11713.18(a)(6), arguing that Plaintiff inadequately alleges these claims.

Section 11713.18(a)(6) prescribes in pertinent part:

            It is a violation of this code for the holder
            of any dealer's license issued under this
            article to advertise for sale or sell a used
            vehicle as "certified" or use any similar
            descriptive term in the advertisement or the
            sale of a used vehicle that implies the
            vehicle has been certified to meet the terms
            of a used vehicle certification program if
            . . . [p]rior to sale, the dealer fails to
            provide the buyer with a completed inspection
            report indicating all the components
            inspected.

Cal. Veh. Code § 11713.18(a)(6)(emphasis added). Since Plaintiff alleges in her Complaint that Defendant's "'CQI' Certificate [] .

6

. . was not provided to Plaintiff before she agreed to buy the vehicle," this portion of the dismissal motion is denied. (Compl. ¶ 13.)

Defendant also seeks dismissal of Plaintiff's CLRA and UCL claims which are based on the following allegations, arguing in essence that Plaintiff fails to allege these claims with the particularity required by Rule 9(b):

> CarMax violated the CLRA [and UCL] by: (1) Misrepresenting that the vehicle had been subject to a thorough 125-point inspection; . . . [2] Calling the vehicle "Certified" when CarMax does not oversee, supervise and/or enforce any "certification" standards; . . . [3] Selling a vehicle as "Certified" that would not pass a legitimate certification inspection . . . .

(Compl. ¶¶ 40, 50.)

Rule 9(b) prescribes in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010)(citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). Further, Rule 9(b) requires "[t]he plaintiff [to] set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's allegations concerning Defendant's alleged misrepresentation that Plaintiff's vehicle "had been subject to a . . . 125-point inspection," (Compl. ¶¶ 40, 50), fail to plead with particularity the "time [and] place" of this alleged

7

misrepresentation. Shroyer, 622 F.3d at 1042. (See also Compl. ¶ 9.) Therefore, this portion of the dismissal motion is granted.

Furthermore, Plaintiff's allegations that Defendant "[c]all[ed] the vehicle 'Certified' [without] oversee[ing], supervis[ing] and/or enforce[ing] any 'certification' standards," are conclusory and therefore do not satisfy Rule 9(b). (Compl. ¶¶ 40, 50; see also id. ¶ 26.) Accordingly, this portion of the dismissal motion is granted.

Moreover, Plaintiff's allegations that Defendant "[sold] a vehicle as 'Certified' that would not pass a legitimate certification inspection," fail to set forth in a nonconclusory fashion why Defendant's representation was false since Plaintiff does not allege what constitutes a "legitimate certification inspection" and why Plaintiff's vehicle would not have passed the referenced inspection. (Id. ¶¶ 40, 50.) Therefore, this portion of the dismissal motion is granted.

Defendant further seeks dismissal of Plaintiff's CLRA and UCL claims that are predicated on the allegation that Defendant "[f]ail[ed] to disclose the prior rental status of the vehicle." (Compl. ¶¶ 40, 50.) Defendant argues that "plaintiff pleads no facts regarding this issue anywhere in the Complaint," and that Plaintiff lacks standing to bring these claims since Plaintiff fails to plausibly plead "'actual damage' resulting from the purported nondisclosure." (Def.'s Mot. 17:2-4; 7:5-7.) Plaintiff's Complaint contains the following allegations concerning these claims:

> 28. After purchasing the vehicle, Plaintiff . . . learned that the vehicle was a prior rental . . . 13 California Code of

8

>           Regulations . . . . [s]ection 260.02(b)
>           provides that rental vehicles "shall be
>           clearly identified as such if the previous
>           status is known to the seller."
>
>           . . . .
>
>           29. Thus, a selling dealer is required to
>           clearly identify the vehicle's previous
>           rental status on the vehicle and/or in its
>           advertisements. CarMax did not.
>
>           30. CarMax violated [13] Cal. Code Regs. §
>           260.02(b) . . . .
>
>           31. . . . [N]either the Buyer's Guide nor
>           CarMax's advertisements disclosed the prior
>           rental history of the vehicle. Nothing at all
>           was done to "clearly identify" the rental car
>           status.
>
>           . . . .
>
>           41. . . . Plaintiff was damaged by Car Max's
>           violations. Plaintiff paid for a Certified
>           and non-rental 2010 Jeep Liberty. Plaintiff
>           received an uncertified and prior rental 2010
>           Jeep Liberty. Thus a component of Plaintiff's
>           damages is the difference in value between a
>           Certified/non-rental 2010 Jeep Liberty and an
>           uncertified/prior rental 2010 Jeep Liberty.

(Compl. ¶¶ 28, 29, 30, 31, 41.)

These allegations adequately allege that Defendant failed to disclose the vehicle's prior rental history and thereby caused Plaintiff damages. Therefore, this portion of Defendant's motion is denied.

**c. Common Law Fraud Claims**

Defendant seeks dismissal of Plaintiff's common law fraud claim, in which she alleges that Defendant misrepresented that her vehicle was certified. Specifically, Defendant argues that Plaintiff has not alleged the circumstances of the fraud with particularity; and has not pled facts showing that Defendant

9

1) made a misrepresentation, 2) knew that any statement it made was false, and 3) intended to defraud Plaintiff.

"The elements of a cause of action for fraud in California [include, inter alia,]: (a) misrepresentation . . . ; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; . . . ." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1163 (9th Cir. 2012)(quoting Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009))(emphasis in original)(internal quotation marks omitted). "While the factual circumstances of the fraud itself must be alleged with particularity, the state of mind -- or scienter -- of the defendants may be alleged generally." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007).

Plaintiff alleges in the Complaint:

> 7. . . . CarMax describes the vehicles it sells as "CarMax Quality Certified," and describes the inspection it performs on vehicles as a "Certified Quality Inspection," or "CQI."
>
> . . . .
>
> 9. Plaintiff relied on . . . CQI information on the stickers posted on the vehicles on the CarMax lot, in deciding to buy a car from CarMax.
>
> . . . .
>
> 13. CarMax . . . label[led] the vehicle "Certified" without providing a completed inspection report prior to sale.
>
> . . . .
>
> 24. Since the Car Buyer's Bill of Rights [which includes section 11713.18(a)(6)] was passed, . . . CarMax has known that it is illegal to use the term "certified" or any similar descriptive term in its sales or advertising if, "Prior to sale, the

10

|   |   |
|---|---|
| 1 | dealership fails to provide the buyer with a completed inspection report indicating all the components inspected." CarMax opposed the passage of the Car Buyer's Bill of Rights . . . . |
| 2 | |
| 3 | |
| 4 | 25. With full knowledge of this law, CarMax's policies require each California CarMax dealership to violate the law in every sale, including the sale of the vehicle to Plaintiff. |

dealership fails to provide the buyer with a completed inspection report indicating all the components inspected." CarMax opposed the passage of the Car Buyer's Bill of Rights . . . .

25. With full knowledge of this law, CarMax's policies require each California CarMax dealership to violate the law in every sale, including the sale of the vehicle to Plaintiff.

. . . .

28. . . . CarMax markets its cars as certified to increase car sales, to increase the perceived value of it vehicles, and to make increased profits from consumers, including Plaintiff. CarMax's policies regarding the use of the term "Certified" are instituted at the highest corporate levels, with full knowledge that its use of the term violates California law and defrauds and cheats California consumers.

(Compl. ¶¶ 7, 9, 13, 24, 25, 28.)

These allegations are sufficient to withstand this portion of the dismissal motion, and therefore it is denied. Cf. Johnson v. Wal-Mart Stores, Inc., 544 F. App'x 696, 698 (9th Cir. 2013) (finding Plaintiff satisfied Rule 9(b) where she alleged that retailer posted a sign which "implicitly misrepresented to her that it was required by law to charge [a] nine dollar 'recycling fee[,]' . . . charg[ed] the fee . . . [and] 'actively concealed' [that the fee was not required by California law].")

Defendant also seeks dismissal of Plaintiff's common law fraudulent concealment claim, arguing that it had no duty to disclose defects in Plaintiff's vehicle.

"[A] claim for fraudulent concealment requires that . . . . the defendant must have been under a duty to disclose the fact [at issue] to the plaintiff." Davis, 691 F.3d at 1163

11

1  (quoting Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.
2  App. 4th 603, 613 (1992))(internal quotation marks omitted).
3       Plaintiff alleges: "Vehicle Code § 11713.18[(a)(6)]
4  creates a duty to the dealership to disclose the results of its
5  vehicle inspection." (Compl. ¶ 16; see also id. ¶ 64.) However,
6  Plaintiff has not shown that section 11713.18(a)(6)'s requirement
7  that dealers "provide the buyer with a completed inspection
8  report indicating all the components inspected," requires
9  Defendant to disclose the results of the vehicle inspection. Cal.
10 Veh. Code § 11713.18(a)(6). Therefore, this portion of the
11 dismissal motion is granted.

### d. Punitive Damages Claim

13     Defendant also argues Plaintiff's punitive damages
14 claim should be dismissed because Plaintiff has not adequately
15 alleged that Defendant is guilty of oppression, fraud, or malice
16 as required by section 3294(a) of the California Civil Code.
17     Section 3294(a) prescribes in pertinent part:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff . . . may recover damages for the sake of example and by way of punishing the defendant.

22 Cal. Civ. Code § 3294(a).
23     However, since Plaintiff's fraud claim survives
24 Defendant's dismissal motion, this portion of the motion is
25 denied. See Tamburri v. Suntrust Mortgage, Inc., 875 F. Supp. 2d
26 1009, 1028 (N.D. Cal. 2012) ("Plaintiff has stated a claim for
27 fraud which would, if successful, support her request for
28 punitive damages.")

12

Defendant also argues that Plaintiff fails to properly allege a punitive damages claim under section 3294(b) since Plaintiff fails to "allege specific acts of specific corporate officers with power to bind the corporation . . . or ratification . . . [of] corporate employees['] [wrongful conduct]." (Def.'s Mot. 20:26-21:3.)

Section 3294(b) prescribes in pertinent part:
> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer . . . authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the . . . authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(b).

Plaintiff alleges: "[a]ll acts of the dealership and corporation's employees . . . were authorized or ratified by the owner or managing agent of CarMax[,]" and "CarMax's policies regarding the use of the term 'Certified' are instituted at the highest corporate levels, with full knowledge that its use of the term violates California law and defrauds and cheats California consumers." (See Compl. ¶¶ 4, 23.)

These allegations are sufficient to withstand this portion of the motion, and therefore it is denied. See Tamburri v. Suntrust Mortgage, Inc., C-11-2899 EMC, 2012 WL 3582924, at *3 (N.D. Cal. Aug. 20, 2012) (denying motion for judgment on the pleadings on punitive damages claim where Plaintiff alleged "that corporate defendants acted 'through [their] authorized officers,

13

directors, agents, servants, and/or employees, acting within the course and scope of their duties, [and] that the act or omission was authorized and/or ratified by the business entity.'" (alteration in original)); Taheny v. Wells Fargo Bank, N.A., CIV. S-10-2123-LKK, 2011 WL 1466944, at *5 (E.D. Cal. Apr. 18, 2011) (denying motion to strike punitive damages claim where Plaintiff alleged "defendants consented, acquiesced, approved and ratified the behavior and conduct of its employees . . . in causing harm to plaintiffs."); Brownstein v. Am. Airlines, C-05-3435 JCS, 2005 WL 2988720 (N.D. Cal. Nov. 7, 2005)("[T]he allegations . . . that all defendants were acting within the course and scope of their employment 'with the advance knowledge, acquiescence or subsequent ratification of each and every remaining defendant' -- are sufficient at the pleading stage to support a claim for punitive damages under § 3294(b).")

### III. MOTION TO STRIKE

Defendant also seeks an order striking certain allegations in the Complaint under Rule 12(f), arguing, inter alia, that several of Plaintiff's allegations are redundant. Rule 12(f) prescribes in pertinent part: "The court may strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f).

Defendant argues in a conclusory manner the following allegations are redundant:

> [CarMax violated the CLRA and UCL by] . . .
>
> [1] Representing that the vehicle was 'Certified." despite failing to provide a completed inspection report indicating all the components inspected prior to sale;

14

>>[2] Failing to provide an inspection report for the vehicle at any time that complies with California law;
>
>[3] Failing to disclose the defective nature of the vehicle; . . .
>
>[4] Using the terms "Certified," "Certify," and/or similar terms in the promotion, sales and advertising of the vehicle, despite failing to provide a completed inspection report indicating all the components inspected prior to sale; . . .
>
>[5] Selling a vehicle as "Certified" that is in need of substantial repair;
>
>[6] Actively concealing and suppressing the results of the vehicle inspection when it has a duty to disclose those results.

(Compl. ¶¶ 40, 50). Since Defendant has not shown these allegations are redundant, this portion of the motion is denied.

Defendant also moves to strike the following allegation in the Complaint, arguing, inter alia, that it is redundant: "[Defendant violated the CLRA and UCL by]: . . . Violating Vehicle Code § 11713.18." (Compl. ¶¶ 40, 50.) Although the referenced allegation does not specify which subsection of section 11713.18 Defendant allegedly violated, a review of other allegations in the Complaint indicates that Plaintiff alleges Defendant violated subsection (a)(6) of this statute. Since the Complaint contains multiple allegations concerning Defendant's alleged violation of this subsection, the allegation is redundant. (See e.g., Compl. ¶¶ 6, 13, 16, 40, 50.) Therefore, this portion of the motion is granted.

Defendant further seeks to have the following allegation in the Complaint stricken on the grounds that it is "redundant and immaterial": "[Defendant violated the CLRA and UCL

15

by] . . . On information and belief, destroying the CQI[] Checklist after the CQI[] inspection took place in violation of 13 C.C.R. 272.00 and 13 C.C.R. 272.02." (Def.'s Mot. to Strike, 5:1-7, 8:10-16; Compl. ¶¶ 40, 50.) However, the essence of Defendant's argument is that this allegation fails to state a claim. Since "Rule 12(f) cannot be read . . . in a manner that allow[s] litigants to use it as a means to dismiss some or all of a pleading," this portion of the motion is denied. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

## IV. CONCLUSION

For the stated reasons, Defendant's motion to dismiss is granted in part and denied in part. However, Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing deficiencies in any dismissed claim. Plaintiff is notified that a dismissal with prejudice could be entered under Rule 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period. Further, the motion to strike is granted in part and denied in part.

Dated:  April 7, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge