UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN OVERHOLT, an individual,<br><br>                   Plaintiff,<br><br>     v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia Limited Liability Company,<br><br>                   Defendant. | No. 2:13-cv-02009-GEB-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

CarMax Auto Superstores California, LLC ("CarMax") seeks summary judgment on all claims in this lawsuit. Plaintiff alleges a state fraud claim and claims under California's Consumers Legal Remedies Act ("CLRA") and Business & Professions Code sections 17200, et seq., ("UCL").

## I.   LEGAL STANDARD

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch.

1

1   Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing

2   Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222,

3   1227 (9th Cir. 2001)).

4          Further, Local Rule 260(b) prescribes:

5          Any party opposing a motion for summary
          judgment . . . [must] reproduce the itemized
6          facts in the [moving party's] Statement of
          Undisputed Facts and admit those facts that
7          are undisputed and deny those that are
          disputed, including with each denial a
8          citation to the particular portions of
          any . . . affidavit,                deposition,
9          interrogatory answer, admission, or other
          document relied upon in support of that
10         denial.

11          If the nonmovant does not "specifically . . .

12   [controvert duly supported] facts identified in the [movant's]

13   statement of undisputed facts," the nonmovant "is deemed to have

14   admitted the validity of the facts contained in the [movant's]

15   statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

16               **II.   STATEMENT OF UNCONTROVERTED FACTS**

17          The following facts are either admitted or are "deemed"

18   uncontroverted since Plaintiff has not controverted them with

19   specific facts as required by Local Rule 260(b).

20          CarMax is a national retailer of used vehicles. (Def.

21   SUF ¶ 2, ECF No. 26-1.) On December 31, 2011, Plaintiff purchased

22   a used 2010 Jeep Liberty (the "Jeep") from CarMax. (Id. ¶ 4.)

23   Plaintiff signed a prior use disclosure form before she purchased

24   the Jeep, which disclosed: "I/We acknowledge the above vehicle's

25   prior use at the time of delivery as: RENTAL[.] This vehicle was

26   used as a rental car before being purchased by CarMax." (Id. ¶¶

27   11-12.)

28          CarMax maintains a vehicle certification program known

1  as the Certified Quality Inspection, ("CQI"). (Id. ¶ 16.)

2  Plaintiff's Jeep has undergone and passed a CQI. (Id.)

3  <center>**III. DISCUSSION**</center>

4  **A.  Fraud**

5  Plaintiff alleges in her fraud claim that CarMax

6  intentionally misrepresented that her Jeep was certified, but she

7  has not supported this allegation with objective facts.

8  "[A] cause of action for fraud in California [requires

9  evidence of a] . . . misrepresentation (false representation,

10  concealment, or nondisclosure)." Davis v. HSBC Bank Nevada, N.A.,

11  691 F.3d 1152, 1163 (9th Cir. 2009).

12  CarMax asserts its statement that Plaintiff's Jeep was

13  certified does not constitute a misrepresentation since the Jeep

14  had "undergone and passed a certification inspection." (Ex. 21

15  ("Collins Decl.") ¶¶ 5, 6 ECF No. 23-4.) CarMax supports this

16  assertion with the declaration of the Operations Manager

17  ("Collins") for the CarMax store where Plaintiff purchased her

18  Jeep. Collins declares that by looking at the Vehicle Repair

19  Order History for Plaintiff's Jeep, he was able to determine it

20  went through and passed the Certified Quality Inspection ("CQI")

21  process. (Id. ¶¶ 15-16, Ex. 4 "Vehicle Repair Order History", ECF

22  No. 23-3.)

23  Plaintiff objects to the admissibility of the Collins

24  declaration under Federal Rules of Evidence ("FRE") Rules 601

25  (lack of competency), 701 (lack of personal knowledge) and 801

26  (hearsay). (Pl.'s Obj. Evi. Submitted by Def. in MSJ, ECF No.

27  28.)

28  CarMax responds that "Collins has set proper foundation

<center>3</center>

for his declaration testimony. . . . [since he] is the Operations

Manager. . . [at] the location at which plaintiff purchased the

vehicle" and the documents he reviewed fall within the business

records exception to the hearsay rule. (Def. Resp. Objections

Lodged In Opp'n To MSJ 3:15-4:1; 4:7-21, ECF No. 30-5.)

Collins declares:

> I am an employee of defendant CarMax. . . . I
> have personal knowledge of the matters herein
> and give this declaration on that basis. I am
> the Operations Manager for CarMax in
> Roseville, California. I have over three (3)
> years of experience at CarMax, including work
> in operations, and have been in the role of
> Operations Manager for over two (2) years. In
> December 2011, I was the Reconditioning
> Production Manager at the Irvine CarMax. I
> became the Operations Manager of the
> Roseville CarMax in May 2012. I make this
> declaration of my own personal knowledge and
> if called as a witness before a Court or
> other tribunal I could and would competently
> testify as is set forth herein.
>
> . . . .
>
> The[] [Vehicle Order Repair Histories and
> Certified Quality Inspection Certificates]
> are . . . kept and maintained by CarMax in
> the ordinary course of business and [are]
> relied upon by CarMax in its ordinary course
> of business for accuracy and reliability.
> These documents are all created at the time
> of the transaction, including purchases and
> repairs, by CarMax personnel in the ordinary
> course of their duties. The documents are
> stored by CarMax in electronic form as
> scanned documents in a CarMax database. These
> documents, . . . are all genuine copies of,
> or genuine printouts of, information held in
> CarMax computers systems and/or hard files. I
> personally reviewed these documents on the
> CarMax information system and/or hard files
> regarding this transaction or in hardcopy.
>
> I have reviewed [the Vehicle Order Repair
> History and Certified Quality Inspection
> Certificate]. . . regarding the used 2010
> Jeep Liberty ("the Jeep") that is the subject
> of this lawsuit. CarMax relies upon these

4

1

2

3

4
                records in the ordinary course of its
business in order to conduct its business,
including documenting repairs made to a
particular vehicle such as this one. From
these records, I can detail the sale and
repair history of the Jeep with CarMax.

(Collins Decl. ¶¶ 1, 3-4.)

5

6

7
        CarMax has shown that Collins is familiar with CarMax's

policies and procedures regarding document creation and retention

8
and is competent to testify about the procedures CarMax used to

9
create Vehicle Repair Order Histories. Therefore, Plaintiff's

10
evidentiary objections are overruled and the Jeep's Repair Order

11
History is admitted under Federal Rule of Evidence 803(6).

12
        Collins also declares:

13

14

15
                CarMax opened a repair order (No. 625811) on
the Jeep on December 20, 2011. This was
opened at the Roseville CarMax store (Store
No. 7147), where CarMax does some of its pre-
sale preparation work in this region before
presenting the vehicle to customers. . . .

16

17

18

19
                The first entry is "Concern 1, Description:
USED VEHICLE CQI INSPECTION." This is the
"Certified Quality Inspection." Again, this
refers to CarMax's 125+ point "Certified
Quality Inspection" ("CQI") that covers all
the major vehicle systems and equipment.

20

21

22

23
                The vehicle Repair Order History indicates
that the Jeep went through and passed the
CQI. . . process, with CarMax's repair
records noting that CarMax had completed a
presale oil change/filter, a smog test, and
some exterior body work and touch-up
painting. The Jeep was taken on two test
drives as part of the CQI. . .

24

25
                The Jeep then had a "FQC Inspection"—a "Final
Quality Control" as part of the CQI. . . .

(Collins Decl. ¶¶ 13-16.)

26

27
        CarMax's evidence shows that it prevails on this

portion of its motion.

28

**B.   CLRA and UCL**

Plaintiff alleges in her Complaint that CarMax violated the CLRA and UCL as follows:

> [1] Failing to provide an inspection report for the vehicle at any time that complies with California law; [2] Using the terms 'Certified,' 'Certify,' and/or similar terms in the promotion, sales and advertising of the vehicle despite failing to provide a completed inspection report indicating all the components inspected prior to sale; [3] On information and belief, destroying the CQI/VQI Checklist after the CQI/VQI inspection took place in violation of 13 C.C.R. 272.00 and 13 C.C.R. 272.02; [4] Selling a vehicle as 'Certified' that is in need of substantial repair; [5] Actively concealing and suppressing the results of the vehicle inspection when it has a duty to disclose those results; [6] and Failing to disclose the prior rental status of the vehicle.

(Compl. ¶¶ 40, 50, ECF No. 1-1.)

CarMax argues it should be granted summary judgment on Plaintiff's CLRA and UCL claims that are premised on her allegation that she never received the Jeep's vehicle inspection report and CQI checklist, contending that this alleged failure did not cause Plaintiff any damage or injury.

Plaintiff responds that there is no requirement for her to have suffered damages to bring these claims, and that in any event she suffered "economic injury" as a result of CarMax's alleged conduct since "she would not have purchased the vehicle if it had not been certified." (Opp'n 13:3-4; 13:21; 16:1-3.)

A CLRA action requires Plaintiff to demonstrate "some kind of damage" as a result of the unlawful practice. Meyer v. Sprint Spect., 45 Cal. 4th 634, 641 (2009) (emphasis added). The UCL also requires "a loss or deprivation of money or property

1    sufficient to qualify as injury." <u>Kwikset Corp. v. Superior</u>

2    <u>Court</u>, 51 Cal. 4th 310, 322 (2011).

3            Section 11713.18(a)(6) of the California Vehicle Code

4    "requires a dealer to provide the buyer with a completed

5    inspection report prior to sale, but the absence of a report does

6    not actually bear on whether the inspection occurred." <u>Chulick-</u>

7    <u>Perez v. CarMax Auto Superstores Cal., LLC</u>, No. 2:13-cv-2329-TLN-

8    DAD, 2014 WL 6819710, at *5 (E.D. Cal. Dec. 2, 2014).

9            Plaintiff's assertion that she "would not have

10   purchased the Jeep if it had not been certified," does not

11   demonstrate that CarMax caused her harm since her claims "ha[ve]

12   no bearing whatsoever on whether the underlying inspection[s]

13   actually happened." <u>Stelzer v. CarMax Auto Superstores Cal., LLC</u>,

14   No. 13-cv01788-LAB-JMB, 2013 WL 6815029, at *2 (S.D. Cal. Dec.

15   20, 2013); <u>see also</u> <u>Sigala v. CarMax Auto Superstores, LLC</u>, No.

16   1:14-cv-01451-SAB, 2014 WL 5823099, at *7 (E.D. Cal. Nov. 10,

17   2014) ("the lack of [a]. . . CQI report or checklist [has]. . .

18   not [been shown to] invalidate the certification of the

19   vehicle.").

20           Since the Jeep was actually certified, CarMax's summary

21   judgment motion on these claims is granted.

22           CarMax also seeks summary judgment on Plaintiff's CLRA

23   and UCL claims that allege CarMax "fail[ed] to disclose the prior

24   rental status of the [Jeep]" as required by 13 CCR § 260.02,

25   since "[P]laintiff concede[d] that CarMax disclosed" that the

26   Jeep had previously been used as a rental vehicle in the prior

27   use disclosure form she signed. (Mot. 6:24-25, ECF No. 23-1.)

28           California Code of Regulations 13 CCR § 260.02

1  prescribes: "Former . . . rental vehicles . . . shall be clearly

2  identified as such if the previous status is known to the

3  seller."

4           Plaintiff disputes the uncontroverted facts

5  establishing that she signed and acknowledged the Jeep's prior

6  use "as a rental car before [it was] purchased by CarMax," (Def.

7  SUF ¶¶ 11-12), with her declaration in which she declares: she

8  "felt the woman in the business office [who helped her with the

9  paperwork] was flipping through the paperwork very quickly and it

10 felt like a 'blur.'" (Rosner Decl. Ex. 10 ("Overholt Decl.") ¶ 5,

11 ECF No. 29-1; (Ex. 12 ("Prior Use Disclosure"), ECF No. 23-3.)

12          However, Plaintiff's conclusory assertion concerning

13 her feeling does not support drawing a reasonable inference that

14 what she "felt" is grounded in objective fact as required under

15 the summary judgment standard. See Cermetek, Inc. v. Butler

16 Avpak, Inc., 573 F.2d 1370, 1376-77 (9th Cir. 1978) (indicating

17 that facts preceded by the preambles "understanding," "belief,"

18 or on "information and belief," are not sufficient to create a

19 genuine issue of fact absent specific facts justifying the stated

20 conclusion); Superior Offshore Intern., Inc. v. Bristow Grp.

21 Inc., No. 1:09-CV-00438-LDD, 2011 WL 2516522, at *9 (D. Del. June

22 23, 2011) ("Plaintiff has not introduced evidence of legal

23 significance suggesting that Tuttle's feelings and beliefs are

24 reasonable, accurate, or grounded in objective fact."); Carlson

25 v. Arnot-Ogden Mem'l Hosp., 918 F.2d 411, 416 (3d Cir. 1990)

26 (stating a witness's "purely subjective impression without any

27 factual support amounts to nothing of legal significance and is

28 insufficient to defeat a motion for summary judgment.").

1 | Therefore, Plaintiff's unexplained subjective feelings are

2 | insufficient to controvert Plaintiff's signed acknowledgement

3 | that she understood the Jeep was a prior rental vehicle before

4 | she purchased it. See generally Bauer v. Jackson, 15 Cal. App. 3d

5 | 358, 370 (1971) ("Ordinarily when a person with capacity of

6 | reading and understanding an instrument signs it, [s]he may not,

7 | in the absence of fraud, imposition or excusable neglect, avoid

8 | its terms on the ground that [s]he failed to read it before

9 | signing it."). This portion of CarMax's motion is granted.

### IV.   CONCLUSION

For the above stated reasons, CarMax's motion for summary judgment is GRANTED; judgment shall be entered in favor of Defendant and this action shall be closed.

Dated:  January 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge